UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| RANDY KOELBLIN, | : | Case No. 1:15-CR-0011 |
| | : | Case No. 1:16-CV-1996 |
| Petitioner, | : | |
| | : | |
| vs. | : | ORDER |
| | : | [Resolving Docs. 279, 303[1]] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 10, 2016, Defendant Randy Koelblin petitioned for habeas corpus relief under 28 U.S.C. § 2255 and requested an evidentiary hearing.[2] On September 28, 2016, Koelblin filed a motion for default judgment.[3] For the following reasons, the Court **DENIES** Defendant's motions.

## I. Background

On January 7, 2015, the United States indicted Defendant Koelblin and others for conspiracy to possess with intent to distribute, and intent to distribute, heroin, cocaine, and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846.[4] Koelblin was also charged with attempt to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and with use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b).[5]

---

[1] All citations are to the criminal docket, Case No. 1:15-CR-0011.
[2] Doc. 279. The Government responds. Doc. 293.
[3] Doc. 303.
[4] Doc. 5.
[5] *Id*.

Case No. 15-CR-11
Gwin, J.

On May 26, 2015, Koelblin pled guilty to conspiracy to possess with intent to distribute at least 60 but less than 80 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.[6] The parties agreed to a base offense level of 20 under U.S.S.G. § 2D1.1(c)(10) and a three-level reduction for acceptance of responsibility.[7]

This Court sentenced Koelblin to 55 months' imprisonment, with credit for time served, followed by three years' supervised release.[8] Koelblin did not appeal.

On August 10, 2016, Koelblin petitioned for habeas corpus relief under 28 U.S.C. § 2255.[9] Koelblin argues that he is entitled to a minor role reduction under U.S.S.G. § 3B1.2 Amendment 794.[10] He also argues ineffective assistance of counsel for his lawyer's failure to make the minor-role argument[11], and requests an evidentiary hearing.[12]

On September 28, 2016, Defendant Koelblin filed a motion for default judgment.[13]

## II.    Legal Standards

### A.  28 U.S.C. § 2255 Relief

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law.  Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[14]

---

[6] Doc. 136.
[7] *Id*. at 5.
[8] Doc. 208.
[9] Doc. 279. The Government responds. Doc. 293.
[10] Doc. 279-1 at 1.
[11] Doc. 279 at 5.
[12] *Id*. at 13.
[13] Doc. 303.
[14] **Error! Main Document Only.**28 U.S.C. § 2255(a).

Case No. 15-CR-11
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[15]

### B. Evidentiary Hearing

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court.[16] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."[17] A hearing is unnecessary if the movant's allegations are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[18]

### III. Discussion

As a preliminary matter, the Court discusses Defendant Koelblin's motion for default judgment. Courts generally find that "default judgment . . . is unavailable in habeas corpus proceedings."[19] It is unclear on what grounds Koelblin seeks default judgment.[20] He cites to the Court's order requiring the Government to respond to his § 2255 motion within 30 days, possibly

---

[15] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[16] *Schriro v. Landigrand*, 550 U.S. 465, 473 (2007).
[17] *Id*. at 474.
[18] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).
[19] *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (citing *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), *superseded on other grounds by statute as stated in, Cobb v. Perini,* 832 F.2d 342 (6th Cir. 1987); *Lemons v. O'Sullivan*, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases").
[20] Doc. 303.

Case No. 15-CR-11
Gwin, J.

suggesting that the Government's response was untimely.[21] However, the Government's response was timely,[22] and even if it were not, default judgment would be inappropriate.[23]

### A. Minor Role Reduction

Koelblin argues that he is entitled to a minor role adjustment under U.S.S.G. § 3B1.2(b), which provides that a defendant who "was a minor participant in any criminal activity" is entitled to a two-level decrease to his offense level under the Guidelines.[24] In November 2015, the United States Sentencing Commission amended the minor role guideline, adding non-exhaustive factors for sentencing courts to consider when determining whether to apply the adjustment.[25]

Koelblin's argument fails for two reasons.[26] First, U.S.S.G. § 3B1.2(b)Amendment 794 does not apply retroactively in habeas proceedings. Recently, the Sixth Circuit held that Amendment 794 applies retroactively on *direct appeal*.[27] The amendment is not retroactively applicable, however, on collateral review. U.S.S.G. § 1B1.10 lists the Guidelines amendments that are retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.[28]

---

[21] *See id*.
[22] This Court ordered the Government to respond to Koelblin's petition by September 11, 2016. *See* Doc. 280. The Government filed a response on September 1, 2016. Doc. 293.
[23] *See, e.g.*, *Mapp v. Ohio*, No. 2:12-CV-1039, 2013 WL 4458838, at *1 (S.D. Ohio Aug. 20, 2013) (finding that even if government's response to habeas petition was untimely, summary or default judgment are not proper remedies).
[24] U.S.S.G. § 3B1.2(b).
[25] U.S.S.G. App. C. Amend. 794. Courts consider "**(i)** the degree to which the defendant understood the scope and structure of the criminal activity; **(ii)** the degree to which the defendant participated in planning or organizing the criminal activity; **(iii)** the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; **(iv)** the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and **(v)** the degree to which the defendant stood to benefit from the criminal activity." *Id*.
[26] Because Defendant Koelblin's argument fails on the merits, the Court does not address the Government's collateral attack waiver argument, *see* Doc. 293 at 7-8.
[27] *United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016).
[28] *Johnson v. United States*, No. 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)).

Case No. 15-CR-11
Gwin, J.

Second, even if the amended guideline were retroactive, Koelblin does not qualify for the reduction. Under the amended guideline, courts consider factors including the "extent of the defendant's participation in the commission of the criminal activity."[29] In February and March 2014, Koelblin participated in eight phone call or text message conversations regarding drug transactions over an approximately six-week period.[30] Koelblin was not a minor participant under § 3B1.2.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[31] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[32] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[33] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[34]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35]

Defendant Koelblin argues that his counsel provided ineffective assistance by failing to make the minor-role reduction argument described above. The Court disagrees.

---

[29] U.S.S.G. § 3B1.2(b) App. Notes.
[30] Doc. 193 at 6-9 (presentence report).
[31] 466 U.S. 668 (1984).
[32] *Id.* at 688.
[33] *Id.* at 690.
[34] *Id.* at 690-91.
[35] *Id.* at 695.

Case No. 15-CR-11
Gwin, J.

At sentencing, the Court noted that while Defendant was "somewhat of a smaller player in a larger scale heroin drug conspiracy," the Court "[did not] find any grounds for . . . a minor role adjustment."[36]

Given the Court's statements during sentencing, Koelblin's counsel did not "f[a]ll below an objective standard of reasonableness"[37] by failing to request a minor role reduction. In fact, such a request would have seemed baseless to a reasonable lawyer in the face of the Court's comments. Thus, the Court does not fault Koelblin's counsel for failing to make the argument.[38]

*Evidentiary Hearing*

Defendant Koelblin is not entitled to an evidentiary hearing. Because "the record refutes [Koelblin's] factual allegations [and] precludes habeas relief,"[39] the Court declines to grant Koelblin's request for a hearing.

### IV. Conclusion

For the reasons above, this Court **DENIES** Defendant Koelblin's §2255 petition, motion for default judgment, and request for an evidentiary hearing.

Furthermore, there is no basis upon which to issue a certificate of appealability.[40]


IT IS SO ORDERED.


Dated: December 1, 2016         *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[36] Doc. 278 at 5.
[37] 466 U.S. at 668.
[38] *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).
[39] *Schriro*, 550 U.S. at 747.
[40] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).